FRED S. SACKETT *vs.* CLIFFORD B. SANBORN.

Norfolk.   January 13, 1910. — February 23, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Police.   Officer.   Witness,* Fees in criminal cases.

Whether a police officer of a town, who is entitled to witness fees under R. L.
c. 204, § 44, for attending as a witness in criminal cases at a place other than his
residence, can recover such fees in an action against the clerk of the court in
which the cases were tried, or whether he should bring his action against the
town, here was not determined, because the plaintiff was held to be entitled to
no fees.

Under R. L. c. 204, §§ 42, 44, the chief of police of a town, who is receiving a
salary as such chief and as a police officer and whose duty it is to be the prose-
cuting officer for the town and to have charge of all criminal complaints and to
prosecute offenders, is not entitled to witness fees for attendance " as a witness
at a place other than his residence " in cases which it is his duty to prosecute.

Whether under the provision of R. L. c. 204, § 44, that any of certain officers at-
tending court " as a witness at a place other than his residence " shall be al-
lowed a witness fee, which applies only to such attendance as is outside the
performance of the duties for which such officer is paid, a police officer of the
town of Dedham, who resides in the town of Norwood, when attending as a
witness at the District Court of Northern Norfolk, which sits at Dedham and
includes in its jurisdiction the town of Norwood, is attending " as a witness at
a place other than his residence," here was not determined, because the attend-
ance of the plaintiff was in the performance of the duties which he was paid
a salary for-performing, so that he was not entitled in any case to recover
under the statute.

MORTON, J.   The defendant is the clerk of the District
Court of Northern Norfolk which sits at Dedham and includes
within its jurisdiction the town of Norwood, where the plain-
tiff resides and of which he is the chief of police and a police
officer.   This action is brought for the purpose of recovering
from the defendant witness fees and travel for attendance by
the plaintiff as a witness at said court in Dedham, in various
criminal cases.   The case was referred to an auditor whose
findings of fact are, by agreement of parties, final.   The audi-
tor found that the plaintiff was not entitled to recover either
for witness fees or for travel.   The case was tried on the audi-
tor's report, without a jury, by the Chief Justice of the Superior
Court, who made a general finding in favor of the defendant and
thereupon reported the case to this court.   If the finding is

correct, judgment is to be entered for the defendant; otherwise such judgment is to be entered as this court may determine.

We think that the finding was correct. It is doubtful whether, assuming that the plaintiff was entitled to witness fees and travel, the action is maintainable against this defendant, and whether it should not have been brought against the town of Norwood. R. L. c. 204, § 45; c. 160, § 48. That question has not been raised by the parties because they wished to obtain the opinion of the full court on the construction of the statute. With some hesitation we proceed to deal with that question. The plaintiff contends that he is entitled to witness fees and travel for attendance at the District Court under R. L. c. 204, § 44.

The auditor finds that during the time covered by the declaration the plaintiff was chief of police and a police officer of the town of Norwood, and received a regular salary for his services as such chief of police and police officer. He also finds that in nearly all of the cases set out in the declaration the plaintiff made out the complaint, and, in most of the cases where an arrest was made, made the arrest and was present as complainant or prosecuting officer at the District Court at Dedham when the several cases were heard. The by-laws and police regulations of the town of Norwood require, amongst other things, that the chief of police shall "be the prosecuting officer of the department and shall have charge of all complaints and shall use his best efforts to prosecute offenders."

R. L. c. 204, § 42, provides that "No officer in attendance on any court, sheriff, deputy sheriff, jailer, constable, city marshal or other police officer who receives a salary or an allowance by the day or hour from the Commonwealth or from a county, city or town shall, except as otherwise hereinafter provided, be paid any fee or extra compensation for official services performed by him in any criminal case; . . . but his expenses, necessarily and actually incurred, and actually disbursed by him in a criminal case tried in the Superior Court, shall be paid by the county in which the trial is held, and in a criminal case tried in a police, district or municipal court or before a trial justice, by the city or town in which the crime was

committed." Any officer violating the provisions of this section is liable to a fine of $100. The plaintiff was receiving a salary as chief of police and as a police officer of the town of Norwood, and was attending the District Court in the performance of his official duties as such chief of police and police officer in criminal cases when he claims to have been entitled to witness fees and travel. The case comes therefore plainly within the statutory provision quoted above unless the words "except as otherwise hereinafter provided" point to a qualification which constitutes an exception in the plaintiff's favor. The plaintiff contends that they do, and that the provision in § 44 of the same chapter that "Any officer named in section forty-two who attends as a witness at a place other than his residence, shall, instead of his expenses, be allowed by the day the witness fee in the court or before the trial justice where he testifies" is the provision referred to, and that under it he is entitled to the witness fees and travel which he seeks to recover in this action. We do not think that the construction thus contended for is the correct one. The object of the statute is to provide that officers who receive compensation for their services by salary or otherwise, and attend court in the discharge of duties which they are thus paid to perform, shall not receive further compensation by way of witness fees, but that any expenses necessarily and actually incurred or disbursed by them in the performance of such duties in attending court in criminal cases shall be reimbursed to them. If they attend court, but not in the performance of the duties for which they are paid, at a place other than their residence, then, according to the provision quoted above from § 44, instead of their expenses they are to be allowed witness fees. The proviso in § 42 was inserted simply as a matter of precaution, for the purpose of making it plainer, if possible, that the provisions of that section were not intended to apply to the cases thus included and provided for in § 44. It was not intended to enlarge and does not enlarge the scope and effect of the provisions contained in § 42. As thus construed §§ 42 and 44 are entirely consistent with each other and the legislative intent is given full effect. This construction renders it unnecessary to consider the question which has been raised

whether attendance at the court at Dedham was as matter of law attendance by the plaintiff at a place other than his residence.

It follows that according to the terms of the report judgment must be entered for the defendant.

*So ordered.*

*S. R. Cutler*, for the plaintiff.

*J. H. Soliday*, for the defendant.